UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KIRCHER,

    Plaintiff,

v.

CHARTER TOWNSHIP OF
YPSILANTI, et al.,

    Defendants.
_____/

Case No. 19-12073
Honorable Victoria A. Roberts

**ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 21, 22]; (2) DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND FOR DISCOVERY [ECF No. 34]; AND (3) DISMISSING THE CASE WITH PREJUDICE**

**I.    INTRODUCTION**

This action arises out of state court nuisance abatement proceedings related to Eastern Highlands, a 128-unit residential apartment complex in Ypsilanti, Michigan.  Plaintiff David Kircher was the owner of Eastern Highlands prior to a judicial sale of the property.  Plaintiff claims the placement of Eastern Highlands into receivership and a sheriff's sale of the property amounted to an unconstitutional judicial taking; he seeks to recover damages for his losses.

The following motions are before the Court: (1) Defendants' motions to dismiss [ECF Nos. 21, 22]; and (2) Plaintiff's motion to amend the complaint and for discovery [ECF No. 34].

The Court **GRANTS** Defendants' motions and **DISMISSES** this case with prejudice. Plaintiff's motion to amend is **DENIED**.

## II. BACKGROUND

This dispute stems from nuisance abatement proceedings in 2004. The factual background and procedural history is set forth in depth in several state and federal court decisions. The Court summarizes the relevant facts below; the cited cases contain more detailed factual summaries.

### A. Nuisance Abatement Proceedings

In October 2004, Washtenaw County authorities discovered a sewage backup at Eastern Highlands. Authorities determined that Kircher and/or his agents were pumping raw sewage from a containment area into the Huron River. *Ypsilanti Charter Twp. v. Kircher*, 281 Mich. App. 251, 255 (2008) (*Kircher I*). The Township of Ypsilanti informed Kircher the dumping was illegal, but he did not stop.

The Township then filed a complaint; it sought a temporary restraining order enjoining Kircher from pumping the sewage and an order

to show cause why Eastern Highlands should not be condemned and declared a public nuisance. The circuit court entered an *ex parte* temporary restraining order enjoining Kircher from continuing to pump raw sewage in the river and authorizing the Township to enter the property to abate any immediate dangers. *Id.* at 255-256.

The court declared Eastern Highlands a public nuisance and directed the Township to take reasonable steps to abate the nuisance. *Kircher I*, 281 Mich. App. at 256. Upon doing so, the Township discovered numerous other code violations. *Id.* at 257-58.

Following a hearing, the court entered an order directing Kircher to install smoke detectors, fire extinguishers, and fire hydrants, and to complete all other repairs set forth in the Township's inspection reports. *Id.* at 259-60. Kircher refused to comply with the order. *Id.* at 260-61. The court again ordered Kircher to fix the code violations and warned him that if he failed to comply, it would hold him in contempt and/or appoint a receiver. *Id.* Kircher still refused to comply, and in December, the court entered an order appointing a receiver "to make the premises economically viable." *Id.* at 262. The receivership was to last until the public nuisance was abated. *Id.* The court denied Kircher's motion for reconsideration.

In February 2005, the court appointed a new receiver – Defendant Barnes & Barnes Properties ("Barnes"). Over the following months, Barnes incurred significant expenses making repairs to and maintaining Eastern Highlands. In April 2006, the Court granted Barnes' request for payment and ordered Kircher to pay Barnes $1,702,480.70. *Kircher I,* 281 Mich. App. at 264-67. Kircher refused.

In September 2006, the court ordered that Barnes could sell Eastern Highlands if Kircher had not paid it within thirty days. After 30 days, when Kircher still had not paid, Barnes started judicial foreclosure proceedings. Eastern Highlands was sold at a judicial sale on November 30, 2006. *Kircher I*, 281 Mich. App. at 268. The court confirmed the sale.

Kircher appealed to the Michigan Court of Appeals raising several arguments. He argued that the circuit court erred by declaring that Eastern Highlands was a public nuisance. The Court of Appeals disagreed:

> We conclude without difficulty that the raw sewage discharge and contamination at Eastern Highlands did indeed constitute a public nuisance. This condition was dangerous to human life. It imperiled the health, safety, and welfare of the tenants of Eastern Highlands and the other nearby residents. . . . [T]o the extent that the circuit court's original order was based on the raw sewage release and contamination and the identified fire code violations, it was proper. These conditions posed clear and immediate risks to the general health, safety, and welfare. The circuit court did not err by declaring Eastern Highlands a public nuisance on these grounds.

4

*Kircher I*, 281 Mich. App. at 270-71 (internal citations omitted).

Kircher also argued that "the circuit court's placement of Eastern Highlands into receivership was an unconstitutional taking of his private property." Again, the Court of Appeals disagreed:

> Contrary to [Kircher's] assertions, Eastern Highlands constituted a public nuisance, and the circuit court was therefore constitutionally authorized to take steps toward abating the nuisance conditions. [Kircher] disregards the well-established nuisance exception to the prohibition of governmental takings. The federal and state constitutions both proscribe the taking of private property for public use without just compensation. However, the nuisance exception to the prohibition of unconstitutional takings provides that because no individual has the right to use his or her property so as to create a nuisance, "the State has not 'taken' anything when it asserts its power to enjoin [a] nuisance-like activity." Indeed, "Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." Because [the Township] was exercising its legitimate police power to abate the public nuisance on [Kircher's] property, no unconstitutional taking occurred.

*Kircher I*, 281 Mich. App. at 271-72 (internal citations and footnote omitted).

Finally, Kircher argued that several of the receivership charges were excessive and unnecessary. The Court of Appeals agreed in part with this argument and remanded the case.

On remand, the trial court entered an order granting $2,259,786.09 to defendant Barnes. Kircher appealed again, arguing that the trial court's award was based on inadmissible evidence and was grossly excessive

5

because it included fees for unnecessary expenses and permitted an improper markup.  *See Charter Twp. of Ypsilanti v. Kircher*, No. 292661, 2011 WL 2270900, at *1 (Mich. Ct. App. June 9, 2011) (*Kircher II*).

The Court of Appeals rejected the majority of Kircher's arguments; however, it vacated the award and remanded the case to the trial court with direction to "recalculate its award after subtracting any expenses that were already disallowed by this Court's previous opinion." *Id.* at *1, *3.

### B.   Kircher's 2007 Lawsuits

In July 2007, while the second appeal was pending, Kircher filed two suits – one in state court and one in federal court – against Defendants alleging inverse condemnation and unconstitutional taking. This Court dismissed Kircher's federal suit until the state suit resolved.

Kircher's case in state court was stayed from February 2009 until August 2014.  During that time, in February 2012, Kircher filed for bankruptcy.  Kircher moved to reopen his state court case in August 2014. *Kircher v. Charter Twp. of Ypsilanti*, No. 325098, 2016 WL 3767428, at *2 (Mich. Ct. App. July 14, 2016) (*Kircher III*).  However, the circuit court denied Kircher's request to reopen his case, holding that he was barred by judicial estoppel from asserting the claim because the claim should have been addressed during the bankruptcy proceeding.  *See id.* at *2-3.

6

Kircher appealed to the Michigan Court of Appeals. The Court of Appeals affirmed the circuit court, holding: (1) judicial estoppel bars Kircher from bringing his inverse condemnation claim; (2) because Kircher failed to obtain permission from the Bankruptcy Court to pursue the inverse condemnation claim, he did not have standing to raise the claim; and (3) Kircher's attempts to raise other arguments and claims related to alleged due process violations failed because they were "no different than those raised in plaintiff's previous appeals relating to this dispute, and, as this Court has previously recognized, the Court is bound by its previous decisions in this matter under the law-of-the-case doctrine." *Kircher III*, 2016 WL 3767428, at *4-5 (internal citations omitted).

Kircher appealed the Court of Appeals' decision to the Michigan Supreme Court. The Michigan Supreme Court denied his appeal on January 31, 2017.

### C. This Action

Kircher filed this case in July 2019, alleging claims for: (1) Inverse Condemnation – Taking of Property for Economic Rejuvenation and/or Economic Development; (2) Inverse Condemnation – De Facto Taking; and (3) Inverse Condemnation – Unreasonable Delay in Acquiring Property. In

an amended complaint dated September 9, 2019, Kircher added a "Judicial Taking" claim.

Defendants moved to dismiss the amended complaint. Less than a month after Defendants filed reply briefs – and their motions were fully briefed – Kircher filed a motion for leave to file a second amended complaint and for discovery. Kircher seeks to add a substantive due process claim and procedural due process claim.

## III. DEFENDANTS' MOTIONS TO DISMISS

### A. Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief."

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

**B.  Discussion**

Among other arguments, Defendants say Kircher is precluded from bringing his claims because they were decided or could have been decided in the state lawsuits. The Court agrees.

9

Under Michigan law, *res judicata* precludes a later claim if: (1) the prior action was decided on the merits; (2) both actions involve the same parties or their privies; and (3) the matter in the second case was, or could have been, resolved in the first." *Kircher v. City of Ypsilanti*, 809 Fed. Appx. 284, 297 (6th Cir. 2020) ("*City of Ypsilanti*") (citation omitted).

This case is analogous to *City of Ypsilanti*, where the Sixth Circuit recently held that Kircher's similar claims for inverse condemnation and judicial takings related to different properties were barred by *res judicata*. For the same reasons as explained by the Sixth Circuit, Kircher's four claims in his amended complaint are precluded. Particularly, Kircher raised, or could have raised, each of these four claims in the state court case he filed in 2007. That action was decided on the merits and it involved the same parties or its privies. Thus, *res judicata* bars Kircher's three inverse condemnation claims and his judicial taking claim. *See City of Ypsilanti*, 809 Fed. Appx. at 297, 299-300.

Moreover, each of these claims fails as a matter of law due to collateral estoppel. Collateral estoppel applies where: (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to

litigate the issue; and (3) there is mutuality of estoppel. *Monat v. State Farm Ins. Co.,* 469 Mich. 679, 682 (2004).

In the nuisance abatement suit, after the parties fully litigated the issue, the Michigan Court of Appeals determined that Eastern Highlands was a public nuisance and that no unconstitutional taking occurred. *See Kircher I*, 281 Mich. App. at 270-72. Because Kircher is precluded from relitigating these issues, and the Court is bound by the state court conclusions, Kircher's reverse condemnation and taking claims fail as a matter of law.

Similarly, *res judicata* also applies based on *Kircher I* – as opposed to based on Kircher's 2008 lawsuit, as discussed above; either way, Kircher's four claims in his amended complaint are precluded.

## IV. PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND FOR DISCOVERY

Kircher requests leave to file a second amended complaint; he seeks to add a substantive due process claim and procedural due process claim, as well as allege additional facts which he says he recently discovered. As Kircher admits, the two new proposed claims arise out of the same set of operative facts as his other claims.

Because Kircher already amended his complaint once, Rule 15 requires that he obtain leave of Court or permission from Defendants for any further amendments. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.* "A court should deny a motion to amend a complaint 'if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *City of Ypsilanti*, 809 Fed. Appx. at 297 (citation omitted). "An amendment to a complaint is futile 'when the proposed amendment would not permit the complaint to survive a motion to dismiss.'" *Id.* (citation omitted).

Kircher's request for leave is denied. First, there is no justification for why Kircher did not plead his due process claims in his original or amended complaint. The claims are based on and supported by the same set of facts. In addition, in 2017, Kircher pled these exact same claims – word for word – in his suit against the City of Ypsilanti in a proposed amended complaint. Because there is no legitimate reason why Kircher waited to bring these claims until after Defendants filed and briefed their motions to dismiss, the Court finds that Kircher brought them at that time in bad faith or for dilatory purposes. The Court denies Kircher's request to amend on this basis alone.

Additionally, Kircher's request to amend is denied because his amendment would be futile. Defendants argue, and the Court agrees, that *res judicata* precludes Kircher from asserting these claims now. Kircher's due process claims are based on the same facts as the state suit he filed in 2007, and there is no reason why he could not have pled these claims then.

Kircher's only argument against *res judicata* is that "[t]he Michigan Court of Appeals did not decide [his] due process claims in either of those [i.e., 2008 or 2011] opinions." [ECF No. 40, PageID.1781]. This misconstrues the standard for *res judicata*. *See City of Ypsilanti*, 809 Fed. Appx. at 297 (requiring that "the matter in the second case was, **or could have been**, resolved in the first" (emphasis added)). Because Kircher's due process claims could have been resolved in his 2007 state suit, *res judicata* bars him from raising those claims now. *See id*.

### V. CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss and **DISMISSES** the case with prejudice.

Kircher's motion for leave to amend and for discovery is **DENIED**.

**IT IS ORDERED**.

                                                      s/ Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: August 3, 2020